In re VHA Diagnostic Services, Inc. et al.

[Cite as *In re VHA Diagnostic Services, Inc.* (1992), 65 Ohio St.3d 210.]

(No. 91–1669—Submitted September 22, 1992—Decided December 9, 1992.)

---

*Squire, Sanders & Dempsey, David J. Young* and *Robert C. Maier*, for appellee VHA Diagnostic Services, Inc., n.k.a. Maxum Health Corp.

*Lee I. Fisher*, Attorney General, and *Kent M. Shimeall*, Assistant Attorney General, for appellant Ohio Department of Health.

---

The cause is affirmed on authority of the court of appeals' opinion below, rendered June 20, 1991 and attached as an appendix to this opinion.

SWEENEY, Acting C.J., SHAW, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

STEPHEN R. SHAW, J., of the Third Appellate District, sitting for MOYER, C.J.

## APPENDIX

WHITESIDE, Judge.

These appeals are from the same order of the state Certificate of Need Review Board. In case No. 90AP–1408, the Ohio Department of Health appeals from that order, and in case No. 90AP–1411, ESWL Real Estate and Equipment Limited Partnership, Ohio Kidney Stone Management, Inc., and Henry Wise, M.D. ("ESWL"), appeal from that same order. Upon motion of the appellants in case No. 90AP–1411, the two appeals were consolidated for hearing and determination.

The proceedings were commenced on May 3, 1988, by the filing with the Ohio Department of Health ("ODH") of an application for a certificate of need ("CON") for the acquisition of a mobile urinary extracorporeal shockwave lithotripter unit by appellee VHA Diagnostic Services, Inc. ("VHA"). ODH requested additional information as to the application on May 26, 1988, to which request VHA responded on September 14, 1988. A second request for additional information was made by ODH on September 29, 1988, to which VHA responded on December 8, 1988. This filing completed VHA's application since no further information was requested or required. Instead, ODH, determining the filing was complete, mailed a notice of completeness to VHA on December 23, 1988. No action upon the application was taken by ODH until March 22, 1989, when it attempted to extend the time for a decision for an additional thirty days until April 22, 1989. The Director of Health issued a decision denying the VHA's application for a CON on April 11, 1989, stating the VHA failed to meet the general and special review criteria set forth in Ohio Adm.Code 3701–12–20 and 3701–12–34. VHA appealed the director's decision to the Certificate of Need Review Board ("board"). The board invalidated the decision of the director, finding that the CON was granted by operation of law on March 8, 1989, pursuant to R.C. 3702.53(A)(3), which provides that an application will be deemed granted unless the director acts either to grant or deny the certificate within ninety days after receiving an application meeting the statutory and rule requirements for a complete application.

In support of its appeal, ODH has raised eight assignments of error:

"1. The State Certificate of Need Review Board should have dismissed the appeal for lack of jurisdiction where the appellant, VHA Diagnostic Services, Inc.[,] did not maintain its status as an affected party.

"2. The board erroneously failed to dismiss this appeal based on mootness where under no circumstances can VHA comply with the terms of the application.

"3. Having failed to dismiss the appeal based on mootness or lack of jurisdiction, the board erroneously determined that it did not have the authority to review VHA's CON application under the statutory review criteria.

"4. The board erroneously failed to affirm the decision of the director where VHA's application did not meet the mandatory general review criteria set forth in Ohio Adm.Code Section 3701–12–20 and the special review criteria set forth in Ohio Adm.Code Section 3701–12–34.

"5. The board erroneously determined that the director's letter of denial of VHA's application was invalid.

"6.  The board erroneously found that the Director of Health did not timely issue his decision.

"7.  The board erroneously found that a 'deemed' CON was granted by operation of law on March 8, 1989, and did not require the issuance of a written CON.

"8.  The board erroneously refused to consider the objections filed by the Department of Health to the two separate decisions of the hearing examiner on appellants' two motions to dismiss and to the hearing examiner's report and recommendation."

In support of their appeal, ESWL has raised two assignments of error:

"I.  The Certificate of Need Review Board erred in deciding that the decision denying VHA's application was not timely and that the application was granted pursuant to the 'deemer' clause of R.C. 3702.53(A).

"II.  The Certificate of Need Review Board erred in overruling the motions to dismiss based upon the sale of the applicant VHA."

Despite the numerous assignments of error raised by ODH and ESWL, only two basic issues are before us: first, whether the application was deemed granted by operation of law, and second, whether a change in the ownership of the stock of the applicant, appellee VHA Diagnostic Services, Inc., mandated dismissal of its appeal from the director's denial of its application.

Considering first the statutory "deemed-granted" a.k.a. "deemer" clause in R.C. 3702.53(A)(3), we shall address the assignments of error relating thereto, namely, ODH's assignments of error five, six and seven and ESWL's first assignment of error.

R.C. 3702.53(A)(3), as it read at all pertinent times herein, provided:

" * * * In administering the certificate of need program, the director shall:

" * * * *

"(3) Grant or deny certificates of need within ninety days after receiving an application that meets the requirements of division (A)(2) of this section and the criteria for a complete application specified in rules adopted under division (B) of section 3702.52 of the Revised Code.  Except as otherwise provided in this division, the director or the applicant may extend this ninety-day period once for no longer than thirty days, by written notice before the end of the ninety-day period.  * * * If the director does not grant or deny the certificate within the applicable time period specified in this division, the certificate shall be considered to have been granted.  * * * " (142 Ohio Laws, Part III, 3962, 4008–4009.)

R.C. 3702.53(A)(2) provides that the application must be on a form prescribed by the director, include information required by rules adopted under R.C. 3702.52(B), and be accompanied by an application fee established by rules adopted under R.C. 3702.52(G). No issue is raised herein with respect to the required content of the application, the parties conceding that Ohio Adm.Code 3701–12–08(E) provided that:

"Except as provided in paragraph (C) of this rule, upon receipt of an application and the appropriate fee, the director shall review the application for completeness of information. The director may request additional information from the applicant, but shall not request any information that is not necessary to review the application in relation to the criteria established by rules 3701–12–20 to 3701–12–34 of the Administrative Code. Except as provided in paragraph (F) of this rule, no later than fifteen days after receipt of an application and the appropriate fee or of additional information submitted pursuant to an earlier request under this paragraph, the director shall mail to the applicant by certified mail notice of completeness or of the additional information needed." 1987–1988 Ohio Monthly Record 1375.

No issue is raised herein with respect to paragraphs (C) or (F) of the rule. Also relevant is Ohio Adm.Code 3701–12–09(C), which provided in pertinent part that:

"The director shall grant or deny all completed applications for certificates of need no later than ninety days after the date of mailing of notice of completeness under paragraph (E) of rule 3701–12–08 of the Administrative Code, except that:

"(1) The director or the applicant may extend the ninety-day review period once, for no longer than thirty days, by written notice before the end of the ninety-day period. * * * " *Id.* at 1376.

In addition, Ohio Adm.Code 3701–12–09(E) provided that:

"If the director does not grant or deny the certificate of need within the applicable time period specified in this rule, the certificate shall be considered to have been granted." *Id.*

The threshold issue before us is whether Ohio Adm.Code 3701–12–09 can properly extend the time after which an application shall be deemed granted from ninety days *after receiving* the application as specified in R.C. 3702.-53(A)(3) to ninety days *after the date of mailing of notice of completeness* as specified in Ohio Adm.Code 3701–12–09(C) and (E). Such rule, absent express action by the director, would extend the time for deeming the certificate granted by more than fifteen days in some instances and at least fifteen days in others by virtue of Ohio Adm.Code 3701–12–08(E). This court has recently

addressed the same issue in *In re Good Samaritan Med. Ctr.* (1991), 61 Ohio App.3d 437, 572 N.E.2d 849, in which we stated at 443, 572 N.E.2d at 853:

" * *. * R.C. 3702.53 mandates that the time period for review of a CON application begins to run when, in fact, the requirements of completeness are met and not when ODH determines at some future time that the application is complete."

We see no reason to deviate from this conclusion in construing the same statutory provision. The words "after receiving" are clear and unambiguous. It is improper for the administrative agency to change the words "after receiving" to, in effect, "after determining it has received." Yet, this is the essence of Ohio Adm.Code 3701–12–09. Although R.C. 3702.53(A) has since been amended so as perhaps to have the same meaning as the rule, we are here concerned with the statute as it read at the time the application herein was in fact completed.

Accordingly, the board properly found that the CON was, by virtue of R.C. 3702.53(A)(3), deemed granted as of ninety days after ODH received the completed application on December 8, 1988, since ODH failed to take any action whatsoever upon the application within such ninety-day period. Not until one hundred and four days had elapsed after the complete application was received did ODH attempt to extend the time it had for acting upon the application. One hundred and twenty-four days after the complete application was filed, ODH denied the application, rather than certifying that the application had been granted by operation of law. We see no reason to deviate from our decision in *In re Good Samaritan Med. Ctr., supra.* ODH's fifth, sixth, and seventh assignments of error, and ESWL's first assignment of error are, accordingly, not well taken.

The second issue herein, as raised by ODH's first, second and eighth assignments of error and ESWL's second assignment of error, arises from a change of ownership of the applicant, VHA Diagnostic Services, Inc., during the pendency of the application. The parties entered into stipulations before the board with respect to all the underlying facts. In paragraph 17 of the stipulations, it was agreed that a representative of Maxum Health Corporation would testify that, at the time the application was filed by VHA Diagnostic Services, Inc., it was a wholly owned subsidiary of VHA Enterprises, Inc. However, on June 30, 1989, VHA Enterprises, Inc., sold all of the stock in VHA Diagnostic Services, Inc., to a corporation known as MHC Holdings, Inc., which was established by Merrill Lynch Interfunding. VHA Enterprises, Inc., got back ten percent of the stock in VHA Diagnostic Services, Inc., by exercising conversion rights. Subsequently, the name of VHA Diagnostic Services, Inc., was changed to Maxum Health Corporation, which remains an

affiliate of VHA Enterprises, Inc., and is operated by the same chief executive officer, executive vice president and chief operating officer as it was before the change of name. Thus, MHC Holdings, Inc. owns ninety percent of the shares of the VHA Diagnostic Services, Inc., now known as Maxum Health Corporation. This change of ownership occurred subsequent to March 8, 1989, the date the application was deemed granted, and subsequent to April 11, 1989, the date the order of ODH was invalidated by the board.

During the pendency of the appeal before the board, ODH filed a motion to dismiss because of the change of name of the applicant from VHA Diagnostic Services, Inc. to Maxum Health Corporation and because of the change of ownership which occurred. ODH contended that, because the applicant changed its name, it no longer existed. Obviously, this is a frivolous contention and most certainly does not render the application moot. The other issue raised by ODH before the board was that the change of ownership without approval of ODH precluded the board from determining the effect of the deemed-granted statutory and rule provisions.

The appellants contend that by changing its name, VHA Diagnostic Services, Inc. ceased to exist and, therefore, cannot be considered an applicant or an affected party herein under its new name, Maxum Health Corporation. As indicated above, this contention is frivolous. Pursuant to R.C. 3702.51(A), an "applicant" is a person that submits an application, and R.C. 3702.51(B) defines "person" to include a corporation. A change of name of a corporation is determined by the articles of incorporation (see R.C. 1701.04[A][1] ), and the name may be changed simply by amendment of the articles pursuant to R.C. 1701.69(B)(1).

A change of name in no way affects the legal existence of the corporation or the nature of the corporation. Appellants cite no authority or rationale for their bare assertion that a corporation ceases to exist by a change of name. R.C. 1701.04(D) provides that the legal existence of a corporation commences upon the filing of the articles of incorporation and that the existence is perpetual unless the articles otherwise provide. An amendment of the articles to change the name does not affect this perpetual existence. As was well stated in 18 American Jurisprudence 2d (1985) 910, Corporations, Section 93:

"An amendment of the articles of incorporation changing the corporation's name does not divest a stockholder of an equity interest in the successor corporation nor change the identity of the corporation; the amendment does not have any effect on the corporation's property, rights or liabilities."

In other words, the change of the name of the corporation has no greater or different effect than the change of name of a natural person.

Appellants do at least raise a justiciable issue. Their contention that the change of ownership of the controlling interest in a corporation prevents the issuance of a CON is predicated upon R.C. 3702.51(R)(9), which provided:

"Except as otherwise provided in sections 3702.511, 3702.512, and 3702.513 of the Revised Code, and divisions (S), (T), and (U) of this section, 'reviewable activity' [by ODH] means any of the following:

"* * *

"(9) Any transfer of a certificate of need from the person to whom it was issued to another person before the project that constitutes a reviewable activity is completed, any agreement that contemplates the transfer of a certificate of need upon completion of the project, and any transfer of the controlling interest in a corporation that holds a certificate of need. However, the transfer of a certificate of need or agreement to transfer a certificate of need from the person to whom the certificate of need was issued to an affiliated or related person does not constitute a reviewable transfer of a certificate of need for the purposes of this division, unless the transfer results in a change in the individual or individuals who hold the ultimate controlling interest in the certificate of need." (143 Ohio Laws, Part III, 4384, 4415, 4421.)

Clearly, there has been no transfer of the CON to another person. The same "person," the applicant corporation, continues to hold the CON, which was deemed issued. There was, however, transfer of the controlling interest in the corporation that holds the CON. For this provision of the statute to be applicable, there must first be a corporation that holds a CON. Contrary to the argument of appellants, there can be no reviewable activity resulting from the transfer of a certificate, unless a certificate has in fact been issued to a corporation. Accordingly, appellants' argument that the change of ownership of the controlling interest somehow prevents the issuance of a CON because of the application of R.C. 3702.51(R)(9) is without merit. Nor does the argument that the change of ownership in the applicant corporation precludes this appeal or consideration thereof by the board have merit. Clearly, by its express, plain and unambiguous terms, R.C. 3702.51(R)(9) applies only when a corporation holding a CON has a change in the controlling ownership interest. At that point, a reviewable activity occurs.

The holding of the board is that the CON was granted by operation of law on March 8, 1989, prior to the change of ownership of the stock of VHA Diagnostic Services, Inc., now known as Maxum Health Corporation. When the ownership of the stock of VHA Diagnostic Services, Inc. was subsequently transferred on June 30, 1989, an activity reviewable by ODH did occur within the meaning of R.C. 3702.51(R)(9), i.e., a "transfer of the controlling interest

in a corporation that holds a certificate of need." This reviewable activity, however, only concerns the change of the ownership of the corporation and how that change affects the continued operation of the CON previously issued. The statute does not indicate that there is a change in the applicant or holder of the CON merely because there is a change in the stock ownership of a corporation.

We need not determine the extent or effect of the reviewable activity under the circumstances herein with respect to the CON, which had previously been granted by operation of law on March 8, 1989, or that of R.C. 3702.52(A)(5) as it read at the time (and still reads), which authorized the Director of Health to "withdraw certificates of need." Such authority of the director, however, does not moot the appeal to the board and most certainly does not moot the question of whether the inaction by ODH caused a CON to be granted to appellee on March 8, 1989, pursuant to the statutory deemed-granted provision. Unless a CON were deemed granted, there could be no reviewable activity created by the change of ownership of a holder of a CON. Accordingly, ODH's first, second, and eighth assignments of error and the ESWL's second assignment of error are not well taken.

ODH's third and fourth assignments of error raise separate issues attempting to reach the merits of whether a CON should have been issued. Where ODH by inaction permits a CON to be issued by operation of law and thereafter unlawfully issues an order denying the deemed-granted CON, it would be absurd to permit it to litigate the merits of the application for the CON. ODH cannot be allowed to deny a deemed-granted CON so as to avoid the consequences of the mandatory statutory provisions when it fails to act timely.

ODH does point out that this court in *Good Samaritan Med. Ctr., supra,* indicated that a properly interested third party having appeal rights from the granting of a CON cannot be denied such rights by inaction of ODH resulting in a deemed-granted CON. In *Good Samaritan,* we suggested that an affected person entitled to appeal from the granting of the CON pursuant to former R.C. 3702.58(A) could appeal with respect to a deemed-granted CON. To this end, Ohio Adm.Code 3701–12–08(I) specifically provided that proper written notice should be mailed monthly to all persons on the mailing list with respect to "applications which were deemed complete * * * since the last Friday of the preceding month." 1987–1988 Ohio Monthly Record 1375. Thus, there is an actual procedure for giving notice of certificates of need deemed granted by operation of law.

The fact that ODH failed (because of its unlawful attempt to deny the CON) to mail such notice with respect to the deemed granting of the CON does not

create any additional rights in ODH to litigate the merits of the granting of the CON. In other words, even if there were some error in the proceedings before the board, it was not prejudicial to ODH. On the other hand, ESWL chose not to litigate the merits of the deemed-granted CON either before the board or this court. In fact, ESWL introduced no evidence indicating that the deemed-granted CON was in any way unlawful or contrary to law. We find it is inappropriate for the ODH to raise these issues when ESWL (the only parties who could be affected thereby) choose not to raise them. Furthermore, no prejudicial error has been demonstrated, and ODH's remaining assignments of error are not well taken.

Most importantly, the standard of review upon appeal to this court from the board as set forth in R.C. 3702.58(E)(3) is whether the order of the board "is supported by reliable, probative, and substantial evidence and is in accordance with law." Having reviewed the order of the board, the record, and the issues raised by the parties herein, we conclude that the order of the board is supported by reliable, probative, and substantial evidence, and is the only determination that is permitted by law, namely, that the CON was deemed granted as of March 8, 1989, by operation of law.

For the foregoing reasons, all assignments of error of both ODH and the ESWL are overruled, and the order of the board is affirmed.

*Order affirmed.*

McCormac and Petree, JJ., concur.