## In re GOOD SAMARITAN HOSPITAL.

[Cite as *In re Good Samaritan Hosp.* (1995), 107 Ohio App.3d 351.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APH03–260.

Decided Nov. 9, 1995.

*Squire, Sanders & Dempsey, David J. Young* and *Peter H. Mihaly,* for appellee Mercy Hospital of Fairfield.

*Bricker & Eckler, Gretchen A. McBeath* and *James F. Flynn,* for appellant Fort Hamilton–Hughes Memorial Hospital.

*Taft, Stettinius & Hollister, John J. McCoy* and *Raymond W. Lembke,* for appellee Good Samaritan Hospital.

*Betty D. Montgomery,* Attorney General, and *Andrew J. Alatis,* Assistant Attorney General, for Ohio Department of Health.

STRAUSBAUGH, Judge.

Appellant, Fort Hamilton–Hughes Memorial Hospital ("Fort Hamilton"), appeals from an order of the Certificate of Need Review Board ("CON Review Board") granting a certificate of need ("CON") to appellees, Mercy Hospital of Fairfield ("Mercy"), and Good Samaritan Hospital ("Good Samaritan").

On September 15, 1988, Mercy and Good Samaritan jointly filed an application with the Director of Health ("director") seeking a CON to establish an obstetrics

unit at Mercy Hospital in Butler County by relocating obstetric and nursery beds from Good Samaritan Hospital in Hamilton County. As amended, appellees' application proposed relocating fifteen obstetric beds, eight Level II newborn bassinets and nine Level I newborn bassinets from Good Samaritan to Mercy ("original application").

On September 30, 1988, the director requested additional information from appellees regarding their application. On June 20, 1989, the director received the last of the information requested from appellees, thus completing appellees' original application. On July 6, 1989, the director issued a "notice of completeness" to appellees.

On September 21, 1989, the director notified appellees in writing that he was extending the period for issuing a decision by thirty days.

On October 31, 1989, Mercy and Good Samaritan again amended their application, causing it to become incomplete and subject to further review ("amended application").

On September 27, 1990, the director denied appellees' amended application. Appellees appealed this denial to the CON Review Board. In addition, appellees filed a mandamus action in this court alleging that the director had failed to timely act upon their original application resulting in that application having been approved by operation of law under the "deemer" provision of R.C. 3702.53(A)(3),[1] and seeking an order compelling the director to approve the application.

On February 27, 1992, the director and appellees entered into a settlement agreement which called for the director to grant appellees' original application on the grounds that the project had been "deemed" granted under R.C. 3702.53(A)(3), and for appellees to dismiss their actions pending before the CON Review Board and this court. On March 17, 1992, the director issued an approval letter granting appellees' original application on the grounds that it had been "deemed" approved pursuant to R.C. 3702.53(A)(3).

On March 27, 1992, Fort Hamilton appealed the director's grant of appellees' original application to the CON Review Board. Appellees subsequently filed notices of appearance in Fort Hamilton's appeal. By agreement of the parties the matter was then continued for almost two years. On July 11, 1994, an adjudication hearing was finally held before a CON Review Board hearing examiner. On November 28, 1994, the hearing examiner issued a report and recommendation in which he concluded that appellees' original CON application

---

1. At all relevant times, the "deemer" provision of R.C. 3702.53(A)(3) provided as follows:
   "If the director does not grant or deny the certificate within the applicable time period specified in this division, the certificate shall be considered to have been granted. * * *"

had been "deemed" approved pursuant R.C. 3702.53(A)(3), and that Fort Hamilton had failed to sustain its burden of proving that the project was not needed or that Good Samaritan had permanently abandoned the project. Consequently, the hearing examiner recommended that the CON Review Board uphold the director's grant of appellees' original CON application.

On February 2, 1995, the CON Review Board issued an order adopting the hearing examiner's report. Fort Hamilton appeals therefrom, assigning the following errors:

"A. The Board erred in determining that the application was properly approved by operation of law (i.e., deemer), as such determination was not supported by substantial, reliable and probative evidence nor in accordance with law.

"B. The Board erred in its application of the special review criteria to the project, especially as those criteria relating to need and adverse impact [sic ].

"C. The Board erred in awarding the certificate of need to the joint applicants, Mercy and Good Samaritan, in light of substantial, reliable and probative evidence that Good Samaritan had no intention of implementing the project."

The order of the CON Review Board shall be affirmed unless appellant can demonstrate that the factual findings of the CON Review Board are not supported by reliable, probative, and substantial evidence or that the order is not in accordance with law. R.C. 3702.591(E)(3); former R.C. 3702.60(A)(3); former R.C. 3702.58(E)(3); see, also, *In re Manor Care of Kettering* (Dec. 31, 1992), Franklin App. Nos. 92AP–208 and 92AP–229, unreported, 1992 WL 394917.

██ In its first assignment of error, Fort Hamilton argues that the CON Review Board's determination was not in accordance with law, as the board incorrectly applied former rather than amended R.C. 3702.53(A)(3) in determining that appellees' original CON application was "deemed" approved.

When appellees filed their original application, R.C. 3702.53(A)(3) provided in relevant part as follows:

" * * * In administering the certificate of need program, the director shall:
" * * *

"(3) Grant or deny certificates of need *within ninety days after receiving an application that meets the requirements of division (A)(2) of this section and the criteria for a complete application specified in rules adopted under division (B) of section 3702.52 of the Revised Code. * * * "* (Emphasis added.) Former R.C. 3702.53(A)(3).

In *In re Good Samaritan Med. Ctr.* (1991), 61 Ohio App.3d 437, 443–444, 572 N.E.2d 849, 852–853, we held that under former R.C. 3702.53(A)(3) the time

period for review of a CON application began to run upon receipt of the completed application, rather than when the Ohio Department of Health ("ODH") determines at some future time that the application is complete.

However, effective August 5, 1989, R.C. 3702.53(A) was amended by Am.Sub. H.B. No. 332 to provide as follows:

" * * * In administering the certificate of need program, the director shall:

" * * *

"(3) Grant or deny certificates of need within ninety days after an application meets the requirements of division (A)(2) of this section and the criteria for a complete application specified in rules adopted under division (B) of section 3702.52 of the Revised Code, *including issuance of a notice of completeness * * *.*" (Emphasis added.) Amended R.C. 3702.53(A)(3).

Under amended R.C. 3702.53(A)(3), the time period for review of a CON application begins to run when the ODH issues a notice of completeness to the applicant.

If former R.C. 3702.53(A)(3) applies in the present case, the ninety-day period began to run on June 20, 1989, the date on which the director received the last of the additional information he had requested from appellees, making the director's decision due no later than September 18, 1989. Because the director failed to act by September 18, 1989, appellees' original application was "deemed" approved on that date.

If, on the other hand, amended R.C. 3702.53(A)(3) applies in the present case no "deemer" occurred. Under amended R.C. 3702.53(A)(3), the ninety-day time period began to run on July 6, 1989, when the director issued a notice of completeness to appellees, making the director's decision due no later than October 4, 1989. On September 21, 1989, the director granted himself a thirty-day extension, extending the date for a decision to November 3, 1989. However, on October 31, 1989, appellees amended their application, relieving the director of his obligation to issue a decision on appellees' original application.

Section 28, Article II, Ohio Constitution provides that "[t]he general assembly shall have no power to pass retroactive laws." It is well settled that this prohibition "has application to laws affecting substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure or methods of review." *Kilbreath v. Rudy* (1968), 16 Ohio St.2d 70, 45 O.O.2d 370, 242 N.E.2d 658, paragraph one of the syllabus. Laws which take away or impair vested rights acquired under existing laws affect "substantive rights," *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106–107, 522 N.E.2d 489, 495–496, while laws which merely substitute a new remedy for

the enforcement of an existing right are "remedial" in nature, *id.* at 107, 522 N.E.2d at 496. The parties herein agree that the effect of amended R.C. 3702.53(A)(3) is remedial in the present case.

However, pursuant to R.C. 1.48, the issue of whether amended R.C. 3702.53(A)(3) may constitutionally be applied retrospectively is irrelevant if the General Assembly has not specified that the statute so apply. R.C. 1.48; *Van Fossen,* 36 Ohio St.3d at 106, 522 N.E.2d at 495. Specifically, R.C. 1.48 provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Section 31, Am.Sub.H.B. No. 332, by which R.C. 3702.53(A)(3) was amended, provides as follows:

"All appeals pending before the Certificate of Need Review Board on which the hearing has been completed * * * on the effective date of this section shall be conducted and decided based on sections 3702.51 to 3702.60 and 3702.99 of the Revised Code as they were in effect on June 30, 1989."

The CON Review Board concluded that this provision did not expressly provide for the retrospective application of amended R.C. 3702.53(A)(3) as required by R.C. 1.48. Consequently, the board applied the former version of the statute. We believe the board erred in so doing.

In *In re E. ProMedica Professional Bldg.* (June 30, 1992), Franklin App. Nos. 91AP–869 and 91AP–892, unreported, 1992 WL 158430, we interpreted Section 31, Am.Sub.H.B. No. 332 to mean that "where a hearing had not yet been held or an order of the director not yet appealed, the new version of [the statute] would apply, otherwise the prior version of the statute is applicable." See, also, *In re Jefferson Health Care Ctr.* (Mar. 26, 1991), Franklin App. No. 90AP–670, unreported, 1991 WL 42480, fn. 2 and accompanying text. We continue to believe that this is the plain meaning of Section 31.

Appellees argue, however, that *In re VHA Diagnostic Serv., Inc.* (1992), 65 Ohio St.3d 210, 602 N.E.2d 647, suggests a contrary result. In *VHA Diagnostic,* the applicant filed an application for a CON with the director on May 3, 1988. The application became complete on December 8, 1988. The director issued a notice of completeness to the applicant on December 23, 1988. On April 11, 1989, the director issued a decision denying the application on the merits. On appeal, the CON Review Board concluded that pursuant to former R.C. 3702.53(A)(3), the applicant's CON was "deemed" approved on March 8, 1989.

The date of the applicant's hearing before the CON Review Board does not appear in the text of *VHA Diagnostic.* However, appellees have provided the report and recommendations of the hearing examiner in that case to show that the parties filed stipulations in lieu of a hearing on May 3, 1990, well after the effective date of amended R.C. 3702.53(A)(3). Based thereon, appellees argue

that our reading of Section 31, Am.Sub.H.B. No. 332 in *E. ProMedica* cannot be correct, as such a reading would have dictated the application of amended rather than former R.C. 3702.53(A)(3) in *VHA Diagnostic*.

Preliminarily, we cannot properly interpret *VHA Diagnostic* based upon facts not contained in the opinion. Further, retrospective application of amended R.C. 3702.53(A)(3) was not an issue in *VHA Diagnostic*. Therefore, anything in the opinion which appears to address that issue is dicta. Finally, even if, as appellees suggest, the hearing, or the functional equivalent thereof, did not occur in *VHA Diagnostic* until after amended R.C. 3702.53(A)(3) had taken effect, application of the amended statute would have been unconstitutional on the facts of that case. In *VHA Diagnostic*, the "deemer" occurred under former R.C. 3702.53(A)(3) on March 8, 1989. Thus, unlike the present case, the "deemer" in *VHA Diagnostic* had already "vested" when amended R.C. 3702.53(A)(3) took effect on August 5, 1989. Consequently, application of amended R.C. 3702.53(A)(3) would have deprived the applicant of a vested right in violation of Section 28, Article II, Ohio Constitution. See *Van Fossen, supra*.

Applying Section 31, Am.Sub.H.B. No. 332 in the present case, no appeal to the CON Review Board had been taken from appellees' original CON application, let alone the hearing completed, when amended R.C. 3702.53(A)(3) took effect. Thus, amended rather than former R.C. 3702.53(A)(3) applied to the application, and no "deemer" occurred with respect thereto.

Since the CON Review Board's determination that appellees' original CON application was "deemed" approved was not in accordance with law, Fort Hamilton's first assignment of error is sustained.

Fort Hamilton's second and third assignments of error raise issues dealing with the merits of appellees' original CON application. Although the hearing examiner fully considered the merits of Fort Hamilton's appeal, the CON Review Board considered only the "deemer" issue. The CON Review Board's order states in relevant part:

"IT IS THEREFORE ORDERED THAT, based upon the evidence of record, the analysis contained in the Hearing Examiner's Report, Findings of Fact and Conclusions of Law, the determination of the Director of Health *IS AFFIRMED* that the certificate of need application of Good Samaritan Hospital/Mercy Hospital of Fairfield * * * *WAS DEEMED APPROVED* pursuant to Ohio Revised § 3702.52 as a result of the Director of Health's failure to timely render a decision."

Further, the minutes of the CON Review Board meeting, dated February 2, 1995, indicate that the board believed that the merits of appellees' CON application were not before it. Specifically, CON Review Board member Darrell A.

Fields "observed that the matter before the Board pertained to a 'deemer' issue, as opposed to the merits of the case."

Because the CON Review Board did not consider the merits of this case, the merits are not properly before us. See *In re Summit Health Care Ctr.* (Aug. 15, 1991), Franklin App. Nos. 90AP–1222 and 90AP–1225, unreported, 1991 WL 159889. Therefore, we overrule Fort Hamilton's second and third assignments of error, and remand this matter to the CON Review Board for consideration of the merits.

Having sustained Fort Hamilton's first assignment of error, and having overruled its second and third assignments of error, the order of the CON Review Board is reversed and this cause is remanded for further proceedings in accordance with this opinion.

*Order reversed*
*and cause remanded.*

JOHN C. YOUNG and TYACK, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.