[Cite as *In re Certificate of Need Application of OPRS Communities*, 2014-Ohio-88.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re Certificate of Need<br>Application of OPRS Communities, | : | |
| | : | |
| (Laurels of Blanchester, | : | No. 13AP-46 |
| | : | (O.D.H. No. 2374-01-11M) |
| Appellant, | : | (REGULAR CALENDAR) |
| OPRS Communities et al., | : | |
| | : | |
| Appellees). | : | |
| | : | |

D E C I S I O N

Rendered on January 14, 2014

*Bricker & Eckler LLP, James F. Flynn,* and *Jeremy R. Morris,* for appellant.

*Squire Sanders LLP, Heather L. Stutz, Kelly Leahy,* and *Keith Shumate,* for appellee OPRS Communities.

*Michael DeWine,* Attorney General, and *Melissa L. Wilburn,* for appellee Ohio Department of Health.

APPEAL from the Ohio Department of Health

CONNOR, J.

{¶ 1} Appellant, Laurels of Blanchester, appeals from a decision of appellee, the Ohio Department of Health ("ODH"), dismissing appellant's objection to the Certificate of Need ("CON") application filed by appellee, OPRS Communities ("OPRS"). For the reasons that follow, we affirm ODH's order.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}   OPRS operates Cape May Retirement Village ("Cape May") located in Clinton County, Ohio.   Cape May provides 37 independent living apartments and 37 residential care facility apartments.  On December 27, 2011, OPRS filed a CON application with ODH, pursuant to R.C. 3702.593, seeking authorization to build a 30-bed skilled nursing facility at the Cape May site.   Appellant operates a 50-bed skilled nursing rehabilitation facility located approximately 16 miles from the new Cape May site.

{¶ 3}   In its application, OPRS sought to purchase and relocate 16 skilled nursing beds from its Erie County, Ohio facility and 14 skilled nursing beds from its facility in Hancock County, Ohio.  Following a review period during which OPRS provided ODH with pertinent information necessary to complete its application, ODH deemed the application complete and, on July 9, 2012, the director issued a Notice of Completion to OPRS.  On August 30, 2012, having received no objection to OPRS' application, ODH issued a decision granting the application and issuing the requested CON.

{¶ 4}   On September 28, 2012, 28 days after the director granted OPRS' application, and more than two months after ODH issued the Notice of Completeness, appellant filed a "Request for Hearing Regarding CON Application, ODH file No. 2374-01-11M."  ODH initially scheduled an adjudication hearing for October 2, 2012, but later continued the hearing and scheduled a pre-hearing conference with the parties.

{¶ 5}   Thereafter, on October 26, 2012, OPRS filed a "Motion to Dismiss," wherein it asserted that appellant's objection to the CON application was untimely and, as a result, ODH no longer had jurisdiction to conduct a hearing on the matter.  A hearing examiner subsequently dismissed appellant's untimely objection, without a hearing, due to the lack of jurisdiction.  On December 18, 2013, the director affirmed the decision 0f the hearing examiner.

## II. ASSIGNMENT OF ERROR

{¶ 6}   On January 17, 2013, appellant filed a direct appeal to this court, pursuant to R.C. 3702.06(B).[1]  Therein, appellant sets forth a single assignment of error:

> The Director of the Ohio Department of Health erred to the prejudice of Appellant, Laurels of Blanchester, when he

---

[1]This court subsequently denied appellees' motions to dismiss the appeal. *In re Certificate of Need Application of OPRS Communities*, 10th Dist. No. 13AP-49 (June 27, 2013).  (Memorandum Decision.)

determined that he was without jurisdiction to conduct a R.C. Chapter 119 hearing as requested by Appellant.

## III. STANDARD OF REVIEW

{¶ 7} In denying both OPRS' and ODH's motions to dismiss this appeal, we stated:

> ODH and OPRS Communities assert that no adjudication hearing occurred, so R.C. Chapter 3702 does not apply. Laurels of Blanchester responds that the finding of the Director of ODH that they filed this objection to the certificate of need ("CON") too late constitutes an adjudication and necessarily implies an adjudication hearing for purposes of R.C. Chapter 3702.
>
> Clearly CON proceedings in general are governed by R.C. Chapter 3702. They are a unique form of administrative proceeding which the Ohio legislature, in its wisdom, has funneled directly to this appellate court. We are unwilling to split off R.C. Chapter 3702 appeals in situations where timely objections to a CON have not been filed. We, therefore, deem that an adjudication hearing of sorts has occurred when the director of ODH decides a full, evidentiary hearing is not warranted because an objecting party did not file its objection on time.

(*In re Certificate of Need Application of OPRS Communities*, 10th Dist. No. 13AP-49 (June 27, 2013). (Memorandum Decision.)

{¶ 8} R.C. 3702.60(F) sets forth the standard of review on appeal in relevant part, as follows:

> (2) In hearing the appeal, the court shall consider only the evidence contained in the record certified to it by the director.
>
> (3) The court shall affirm the director's order if it finds, upon consideration of the entire record and any additional evidence admitted under division (F)(2) of this section, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it shall reverse, vacate, or modify the order.

## IV. LEGAL ANALYSIS

{¶ 9} Pursuant to former R.C. 3702.52(C), an "affected person" may object to the director's notice of completeness as follows:

(3) If the Director receives written objections to an application from any affected *person by the thirtieth day after mailing the notice of completeness*, the director shall notify the applicant and assign a hearing examiner to conduct adjudication.

(Emphasis added.)

{¶ 10} Additionally, R.C. 3702.60 sets forth the procedure for perfecting an appeal of the director's decision either to grant or deny a CON application in relevant part, as follows:

(B) The certificate of need applicant or another affected person may appeal to the director in accordance with Chapter 119. of the Revised Code a decision issued by the director to grant or deny a certificate of need application.

* * *

(E) Each person appealing under this section to the director shall file with the director, not later than thirty days after the decision, ruling, or determination of the director was mailed, a notice of appeal designating the decision, ruling, or determination appealed from.

{¶ 11} There is no dispute that appellant is an "affected person" as R.C. 3702.51(O) defines the term.[2] The parties also agree that ODH does not have jurisdiction to hold an adjudication hearing upon an untimely filed objection to a CON application. *See In re Cleveland Clinic Found.,* 94 Ohio App.3d 348 (10th Dist.1994); *John Ken Alzheimer's Ctr. v. Ohio Certificate. of Need Review Bd.*, 65 Ohio App.3d 134 (10th Dist.1989). Thus, the question in this case is whether appellant's letter of September 28, 2012 is an untimely objection, pursuant to R.C. 3702.52(C)(3), or a timely filed appeal under R.C. 3702.60(B) and (E). ODH found that it was an untimely objection. We agree with ODH.

{¶ 12} Appellant first contends that recent legislative changes to the ODH review process apply in this case and that such changes dictate reversal. Specifically, appellant argues that R.C. 3702.52 no longer authorizes an objection from the director's notice of completeness. Under the new law, review of a CON application may only be obtained by an affected person in connection with an "appeal," filed pursuant an R.C. 3702.60(B) and

---

[2] Under H.B. No. 487, the definition of "affected person" is found in R.C. 3702.51(M).

(E), from the director's decision to either grant or deny the CON application.[3]  Appellant argues that in light of the change in the law, it is unreasonable to construe its September 28, 2012 letter as anything other than an appeal, regardless of the substance of the letter.

{¶ 13} H.B. No. 487, became effective on September 10, 2012.  However, absent an expressed statement of retroactivity, legislative changes to R.C. Chapter 3702 are not applicable to actions pending before ODH on the effective date of the amendment.  *See, e.g.,* R.C. 1.48; *In re Good Samaritan Hosp.*, 107 Ohio App.3d 351, 356 (10th Dist.1995); *John Ken Alzheimer's Ctr.* at 340.  OPRS filed its CON application on December 27, 2011.  Thus, the application was pending on the effective date of the amendment.  Accordingly, H.B. No. 487 amendments did not govern proceedings on OPRS' CON application.  Rather, the law as it existed at the time OPRS submitted its CON application governed all proceedings thereon.  *Id.*

{¶ 14} In construing the filing as an untimely objection, the hearing examiner stated:

> The hearing examiner is * * * constrained to find, based on the language of the September 28, 2012 objection and request for hearing filed by [appellant] with [ODH], that the notice had been untimely filed and was not understood to be a notice of appeal under Ohio Revised Code section 3702.60(B). [Appellant], as the author of the September 28, 2012 notice, must bear the consequences of having the notice read using generally accepted definitions for the terms included in the notice.
>
> The hearing examiner also finds that the September 28, 2012 notice failed to identify the decision, ruling, or determination of the [director] appealed, in violation of Ohio Revised Code section 3702.60(E).

{¶ 15} The director's agreement with the hearing examiner's decision is expressed in a letter to appellant's counsel dated December 18, 2012.  The letter states:

> After careful review of your letter to [the director] dated September 28, 2012, it has become clear that the Objections to the CON Application of OPRS * * * filed by you on behalf of your client * * * were filed more than thirty days after the

---

[3] The new law permits an affected person to file written comments to an application but does not provide a right to request an adjudication hearing.  *See* amended R.C. Chapter 3702.

> mailing of the notice of completeness of the CON Application.
> As a result, and in accordance with R.C. 3702.52(C)(3), you
> are hereby informed * * * that the Director is without
> jurisdiction to conduct a R.C. Chapter 119 hearing.

{¶ 16} An "adjudicatory hearing" is mandatory upon the filing of either an "objection" pursuant to R.C. 3702.52(C)(3), or an "appeal" under R.C. 3702.60(B) and (E). Consequently, the subject line of the September 28, 2012 letter, which contains a generic request for an R.C. Chapter 119 adjudicatory hearing, provides little insight into the intent of the letter. However, our review of the body of the September 28, 2012 letter convinces us that it is an objection to the director's notice of completeness under R.C. 3702.52(C)(3) and not an appeal under R.C. 3702.60. Indeed, on three separate occasions, the letter expressly states that it is an objection to a "Certificate of Need application."[4] Similarly, the letter expressly directs the reader's attention to R.C. 3702.52(C)(3), the statute authorizing an adversely affected person to file an objection to the director's notice of completeness. Just as significant is the fact that the September 28, 2012 letter makes no mention of the director's decision granting the CON, nor does it mention R.C. 3702.60(B), the statute authorizing ODH to hear an appeal from a decision of the director either granting or denying a CON application. In fact, the letter never once uses the word "appeal."

{¶ 17} Appellant relies on several decisions arising under the workers' compensation laws in support of its contention that the September 28, 2012 letter should be construed as an R.C. 3702.60 appeal. Specifically, appellant cites *Fisher v. Mayfield,* 30 Ohio St.3d 8 (1987), and *State ex rel. Lapp Roofing & Sheet Metal Co., Inc. v. Indus. Comm. of Ohio,* 117 Ohio St.3d 179, 2008-Ohio-850, for the proposition that a defective notice of appeal confers jurisdiction on an administrative agency to hear the appeal where the notice "substantially complies" with the requirements of relevant statutory law. In both *Fisher* and *Lapp,* the question for the Supreme Court of Ohio was whether the commission retained jurisdiction to hear an appeal where the notice of appeal misidentified the order appellant intended to appeal. In both cases, the Supreme Court of Ohio held that an appeal had been perfected, notwithstanding the misidentification,

---

[4] Specifically, the words "objections," "object," and "objection," appear in the letter.

where the notice of appeal substantially complied with the relevant provisions of R.C. Chapter 4123. *Fisher* at 11; *Lapp* at ¶ 27.

{¶ 18} For the following reasons, we find that the cases cited by appellant are distinguishable. First, the specific provisions of R.C. Chapter 3702 govern ODH proceedings upon CON applications. *In re Heritage at Heather Hill*, 10th Dist. No. 09AP-256, 2009-Ohio-6480. The applicable provisions of R.C. Chapter 3702 do not permit an affected person to "appeal" from the director's notice of completeness, nor do they allow such a person to "object" to the director's decision granting a CON application. Under the applicable statutory scheme, the words "appeal" and "objection" are neither interchangeable nor synonymous as appellant now contends; each word has a distinct legal meaning. Thus, the question in this case is not: from which order is the "appeal" taken? Rather, the question is whether the September 28, 2012 letter is an "appeal" or an "objection." As noted above, ODH determined that appellant filed an objection. We agree.

{¶ 19} Moreover, " '[w]hen the General Assembly grants an administrative agency power to hear appeals, the statutory language determines the parameters of the agency's jurisdiction.' " *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.,* 135 Ohio St.3d 204, 2013-Ohio-224, ¶ 13, quoting *Cuyahoga Cty. Bd. of Cty. Commrs. v. Daroczy,* 10th Dist. No. 08AP-123, 2008-Ohio-5564, ¶ 17. Thus, even if we were to agree that appellant intended the September 28, 2012 letter as an appeal from the director's August 30, 2012 decision, the notice of appeal is clearly defective on its face. R.C. 3702.60(E) states, in part: "Each person appealing under this section to the director shall file with the director, * * * a notice of appeal designating the decision, ruling, or determination appealed from." As previously noted, appellant's September 28, 2012 letter does not even mention the director's decision granting OPRS' CON application.

{¶ 20} We are aware that appellant's September 28, 2012 letter mistakenly states that the director issued the notice of completeness on August 30, 2012, when in fact, the director issued the notice on July 9, 2012. Appellant argues that the error is proof of its intention to "appeal" the director's decision of August 30, 2012. However, as noted above, the September 28, 2012 letter makes no reference to the director's decision granting OPRS' CON application. In our view, it is simply not reasonable to construe the

September 28, 2012 letter as anything other than an objection to the director's notice of completeness.

{¶ 21} Appellant's final argument is that the dismissal of the appeal by ODH violates its right to due process of law. Again, we disagree.

{¶ 22} We have determined that ODH did not err in concluding that the September 28, 2012 letter was an objection to the director's notice of completeness. Had appellant timely filed the objection, due process would have required an adjudication hearing. *See* R.C. 3702.52(C)(3). However, because appellant failed to timely file the objection, ODH was without jurisdiction to conduct further proceedings as to the completeness of the application. In other words, appellant received all legal process it was due under R.C. Chapter 3702.

{¶ 23} Based upon the foregoing, and upon consideration of all the evidence in the certified record, we conclude that reliable, probative, and substantial evidence supports the director's determination that the September 28, 2012 letter was an untimely filed objection to OPRS' December 27, 2011 CON application. Furthermore, inasmuch as ODH has jurisdiction to conduct a R.C. Chapter 119 hearing upon an objection only where it is filed in accordance with R.C. 3702.52(C)(3), the director's decision to dismiss the objection, without a full evidentiary hearing, is in accordance with law. Accordingly, appellant's sole assignment of error is overruled.

## V. DISPOSITION

{¶ 24} Having overruled appellant's sole assignment of error, we hereby affirm the order of the Ohio Department of Health.

*Order affirmed.*

KLATT and O'GRADY, JJ., concur.

————————————