PARSLEY *v.* INTERNATIONAL HARVESTER ET AL.

(No. 83AP-1173—Decided April 24, 1984.)

*Mr. Michael J. Muldoon,* for relator.
*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Dennis Hufstader,* for respondents.

NORRIS, J. Relator, James W. Parsley, notified the Industrial Commission in writing of his request to change his treating physician, the name and address of the physician whose treatment he sought, and that his reason for seeking the change was that he was "not satisfied with treatments rendered to date" by his treating physician of record. The change was opposed by International Harvester, his self-insuring employer.

The commission denied the request, saying it was "not in compliance with rule 4121-17-11." In his complaint, relator alleges that he complied with the rules of the commission; that the action of the commission denies him a free choice of treating physicians; and that the commission's order constitutes a gross abuse of its discretion.

The commission apparently relied upon these provisions of Ohio Adm. Code 4121-17-11:

"Change of physicians must be authorized to ensure proper payment of fees. A claimant is not permitted to change from one physician to another without a written consent for the transfer from the bureau of workers' compensation or the industrial commission, and in self-insuring employers' claims from the self-insuring employer. * * *

"(A) A request for change of physician must be in writing, signed by the claimant and must indicate the name and address of the new physician.

"(B) Change of physicians must be requested in advance, unless made impossible by special circumstances. The burden to prove such special circumstances shall be on the claimant.

"(C) Such request must contain reasons for change of physician, including, but not to be limited to, the following:

"(1) Doctor moved;

"(2) Doctor died;

"(3) Claimant moved;

"(4) Treatment does not improve the condition treated;

"(5) Doctor declines to treat claimant any longer.

"* * *

"(E) In self-insuring employers' claims, after an employee has exercised

the right of free choice of physician either by choosing a physician in the employ of a self-insurer or by choosing a physician not in such employ, the employee shall not be permitted to change from one physician to another except after making such a request for change in writing, together with the reasons therefor. The request shall first be submitted to the employer. In the event the employer refuses to grant such request, it shall submit to the bureau a copy of the employee's request and a statement giving the reason or reasons for refusal. The bureau shall immediately schedule the disagreement for a hearing * * *."

R.C. 4123.651 provides that:

"Any employee who is injured or disabled in the course of his employment shall have free choice to select such licensed physician as he may desire to have serve him, as well as medical, surgical, nursing, and hospital services and attention, regardless of whether or not his employer has elected under section 4123.35 of the Revised Code, to furnish medical attention to injured or disabled employees. In the event the employee of a self-insurer selects a physician or medical, surgical, nursing, or hospital services, rather than have them furnished directly by his employer, the costs of such services, subject to the approval of the commission, shall be the obligation of such employer."

It is apparent that the commission has sought to limit the free choice granted to employees by R.C. 4123.651 by promulgating Ohio Adm. Code 4121-17-11, and also by adopting Ohio Adm. Code 4121-17-10 which limits an employee's free choice to his "initial selection of medical service."

An administrative agency may not promulgate rules and regulations which contravene the express provisions of a statute. See *State, ex rel. DeBoe,* v. *Indus. Comm.* (1954), 161 Ohio St. 67 [53 O.O. 5]; *Kroger Grocery & Baking Co.* v. *Glander* (1948), 149 Ohio St. 120 [36 O.O. 471]; *State, ex rel. Curtis,* v. *DeCorps* (1938), 134 Ohio St. 295 [12 O.O. 96]; *Carroll* v. *Dept. of Admin. Services* (1983), 10 Ohio App. 3d 108.

Ohio Adm. Code 4121-17-11 recites a proper policy basis for requiring notification when an employee exercises his free choice to select a different physician — "to ensure proper payment of fees" — and that requirement is not in conflict with R.C. 4123.651. The other policy bases for the rule suggested by respondents in oral argument — prohibiting "physician shopping," for example — are the subject of numerous and adequate safeguards found in the commission's procedures, and in any event cannot serve as an excuse for abrogating the statute.

Insofar as the rules deny an employee his free choice of a physician subsequent to his initial selection, they are in derogation of the statute and therefore invalid. Accordingly, while the commission may require an employee to notify it of a change in his choice of a treating physician, and of the physician's name and address, and of the reasons for the change, it may not condition a change upon the consent of a self-insuring employer, or deny the change in selection, or deny payment of fees to that newly selected physician solely on the ground that the change in selection was not approved by the commission or the self-insuring employer.

Because the commission was under a clear legal duty to permit relator to exercise his free choice to select his physician, a writ of mandamus is granted, ordering the commission to vacate its order of August 12, 1982 and honor relator's selection.

*Writ granted.*

McCormac, P.J., and Whiteside, J., concur.