## In re GOOD SAMARITAN MEDICAL CENTER.

[Cite as *In re Good Samaritan Med. Center* (1991), 61 Ohio App.3d 437.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–113.

Decided Jan. 10, 1991.

438

*Squire, Sanders & Dempsey, David J. Young* and *David W. Grauer,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, *Gay Lynn Rice, Lawrence Pratt* and *Christopher McNeil,* for appellee Ohio Department of Health.

*Bricker & Eckler, Gretchen McBeath* and *Scott W. Taebel,* for intervenor Bethesda Hospital.

---

STRAUSBAUGH, Judge.

This is an appeal by appellant, Good Samaritan Medical Center, from an order of the Certificate of Need Review Board ("board") denying a certificate of need ("CON") to appellant. Appellant requested a CON to establish a cardiac catheterization service.

The CON program, as established in Ohio, is a health planning program which is administered by appellee, Ohio Department of Health ("ODH"), pursuant to R.C. Chapter 3702 and Ohio Adm.Code Chapter 3701-12. Appellant previously filed an application for a CON for a cardiac catheterization laboratory in 1983 when both it and Bethesda Hospital ("Bethesda"), an intervenor in the present action, sought such laboratories in their respective institutions. Originally, ODH denied both applications but the board ultimately determined that a need existed for one laboratory and remanded the case to ODH to determine the appropriate site for such a laboratory. Appellant is located approximately two miles from Bethesda in Zanesville, Ohio. Subsequently, an agreement was reached between appellant and Bethesda to jointly operate a cardiac catheterization laboratory which would be located in Bethesda. Five years later, on September 29, 1988, appellant submitted a second application to ODH for a CON in order to establish a cardiac catheterization laboratory in its own institution.

Upon receipt of appellant's application, ODH reviewed the application for completeness of information and a notice of completeness was sent by certified mail to appellant on October 19, 1988. On January 17, 1989, ODH mailed by certified mail a written notice to appellant that it was extending the ninety-day decision period, incorporated in Ohio Adm.Code 3701-12-09, for an additional thirty days, pursuant to Ohio Adm.Code 3701-12-09(A)(1), until February 16, 1989. ODH ultimately concluded that appellant's CON application should be denied based upon its findings that appellant's proposal was inconsistent with the state health plan; the proposal would duplicate existing services already offered at Bethesda and was not needed to serve area population; the proposal would have a negative impact on the existing services offered at Bethesda by substantially reducing its utilization thereby impacting both upon its financial stability and quality of service; and, the proposal was not a less costly or a more effective alternative than the existing service at Bethesda.

Thereafter, on March 16, 1989, appellant appealed to the board with a hearing beginning on June 20, 1989 and concluding on June 21, 1989. ODH called three witnesses who testified at the hearing, while no testimony was presented by appellant on direct examination. All three witnesses opposed the proposed CON application submitted by appellant. On October 17, 1989, a hearing examiner issued his report and recommendation to the board in which he invalidated the process for reviewing applications for completeness established by Ohio Adm.Code 3701–12–08. The hearing examiner concluded that the board was without jurisdiction to hear appellant's appeal on the basis that he found Ohio Adm.Code 3701–12–09 invalid and in conflict with R.C. 3702.-53(A)(3). The hearing examiner concluded that since ODH did not issue a decision within ninety days of the first day that it received appellant's application, appellant was automatically entitled to receive a CON pursuant to R.C. 3702.53(A)(3) and that the board did not have jurisdiction for lack of a timely appeal.

The board rejected the recommendation of its hearing examiner and found that the director of ODH had timely denied appellant's application concluding that the application was " * * * formally 'complete' on October 19, 1988, the day on which the ODH declared the application complete * * * " and that the director of ODH had properly extended the ninety-day review period by letter to appellant on January 17, 1989. After rejecting the recommendation of the hearing examiner, the board affirmed the decision of ODH and denied appellant a CON for the establishment of a cardiac catheterization laboratory in its institution in Zanesville, Ohio.

It is from the board's decision that appellant pursues this appeal and sets forth three assignments of error for this court's review:

"A. The Board erred in failing to find that a certificate of need was granted to Good Samaritan *by operation of law* on December 28, 1988 and that ODH's letter of February 15, 1989 denying Good Samaritan's certificate of need application was invalid and a nullity.

"B. The Board erred in failing to find that Ohio Rev.Code § 3702.53 would prevail over Ohio Admin.Code § 3701–12–09(C) in the event of conflict.

"C. The Board erred in failing to find that the Board was without jurisdiction to consider the appeal because no appeals were filed in a timely manner." (Emphasis *sic.*)

Initially, it must be noted that ODH has filed a motion to dismiss appellant's appeal before this court on the basis that it is moot. R.C. 3702.51(R)(3)(b), effective August 5, 1989, and Ohio Adm.Code 3701–12–05, have created an exemption to the CON requirement for a limited class of hospitals which are large enough to have at least two hundred fifty registered beds or at least

eight thousand five hundred annual admissions in the previous year to permit these hospitals to perform diagnostic cardiac catheterization on low risk patients as defined by the statute and by regulation of ODH. ODH points out that in appellant's introduction to its reply brief, appellant candidly admits that all it has ever sought in its CON application under present appeal is a diagnostic cardiac catheterization laboratory devoted exclusively to low risk patients. While ODH admits that it does not agree with this exemption, ODH concedes that pursuant to the aforementioned laws, appellant does not need a CON to operate its laboratory and, therefore, the present appeal is moot.

■ In response to ODH's motion to dismiss, appellant insists that the present appeal is not moot since anything less than a valid CON will allow ODH to continue to hamper appellant from performing any type of cardiac catheterization. While it appears that appellant is permitted to perform limited diagnostic cardiac catheterization, we feel that it is appropriate to address the merits of appellant's appeal since approval of the requested CON at issue would appear to provide greater reliability than the limited exemption under which appellant now operates and may also encompass more than the exemption allows. Thus ODH's motion to dismiss is not well-taken and is therefore denied.

R.C. 3702.53(A) provides, in pertinent part:

"The director of health shall administer a state certificate of need program in accordance with sections 3702.51 to 3702.60 of the Revised Code and rules adopted under those sections. In administering the certificate of need program, the director shall:

"* * *

"(3) Grant or deny certificates of need within ninety days after receiving an application that meets the requirements of division (A)(2) of this section and the criteria for a complete application specified in rules adopted under division (B) of section 3702.52 of the Revised Code. Except as otherwise provided in this division, the director or the applicant may extend this ninety-day time period once, for no longer than thirty days, by written notice before the end of the ninety-day period. * * * If the director does not grant or deny the certificate within the applicable time period specified in this division, the certificate shall be considered to have been granted. * * *"

■ Appellant argues in its first assignment of error that its proposed CON was automatically approved as a result of ODH's failure to render a decision within ninety days of receipt of its completed application. Appellant insists that its application for a CON was complete when ODH received it, and therefore ODH had ninety days after September 29, 1988 in which to render a

decision either granting or denying its application. Instead, ODH did not notify appellant of the thirty-day extension until January 17, 1989, well after the ninety-day period for rendering a decision had expired, and therefore appellant's CON application was granted by operation of law on December 28, 1988. We find appellant's second assignment of error to be interrelated to its first assignment of error since appellant argues in its second assignment of error that as Ohio Adm.Code 3701–12–09(C) is in direct contradiction to R.C. 3702.53(A)(3), the Ohio Administrative Code provision is invalid.

ODH insists that it timely issued its decision on appellant's CON application since R.C. 3702.53(A)(3) and 3702.52(B) authorize ODH to establish criteria for determining "receipt" of a complete application which necessarily includes the mailing to the applicant of a formal notice that the application has been found to be complete. ODH contends that it is permitted to adopt rules specifying criteria for determining when an application is complete, which under Ohio Adm.Code 3701–12–08(E) may only take up to fifteen days. ODH then insists that pursuant to Ohio Adm.Code 3701–12–09(C) it is only at the time of the mailing to the applicant by certified mail notice of completeness, that the ninety-day period for a decision on the completed application begins to run.

Ohio Adm.Code 3701–12–08(E) provides:

"Except as provided in paragraph (C) of this rule, upon receipt of an application and the appropriate fee, the director shall review the application for completeness of information. The director may request additional information from the applicant but shall not request any information that is not necessary to review the application in relation to the criteria established by rules 3701–12–20 to 3701–12–34 of the Administrative Code. Except as provided in paragraph (F) of this rule, no later than fifteen days after receipt of an application and the appropriate fee or of additional information submitted pursuant to an earlier request under this paragraph, the director shall mail to the applicant by certified mail notice of completeness or of the additional information needed."

Ohio Adm.Code 3701–12–09 states, in pertinent part:

"(C) The director shall grant or deny all completed applications for certificates of need no later than ninety days after the date of mailing of notice of completeness under paragraph (E) of rule 3701–12–08 of the Administrative Code, except that:

"(1) The director or the applicant may extend the ninety-day review period once, for no longer than thirty days, by written notice before the end of the ninety-day period.  * * *

"  *  *  *

"(E) If the director does not grant or deny the certificate of need within the applicable time period specified in this rule, the certificate shall be considered to have been granted."

While we believe that it is clear that R.C. 3702.53 contemplates review by the director of ODH of a submitted application to determine whether such application is complete, we believe that it is equally clear that the ninety-day time period set forth in R.C. 3702.53(A)(3) begins to run upon the date that the completed form was submitted. While Ohio Adm.Code 3701–12–08(E) required that ODH, no later than October 14, 1988, review appellant's application for completeness, and either mail to appellant a notice of completeness or a request for additional information, the record reflects that the notice of completeness was not mailed until October 19, 1988, more than five days beyond the time specified in this rule. Nevertheless, ODH insists that Ohio Adm.Code 3701–12–09(C) allows the director ninety days from the date of the actual mailing of the notice of completeness to render its decision either granting or denying appellant's application for the requested CON. As the hearing officer in the present case noted, the notice of completeness was mailed five days late. Even if the Ohio Administrative Code sections upon which ODH relies are valid as ODH would have them apply in this case, the director would apparently have only eighty-five days remaining to issue a decision or to notify appellant that it was extending the ninety-day decision period for an additional thirty days. However, ODH did not extend the ninety-day period until January 17, 1989, one hundred seven days after receipt of the application and ninety days after its mailing of notice of completeness.

Upon review of Ohio Adm.Code 3701–12–09(C), which purports to start the ninety-day period, a maximum of one hundred twenty days with extension, for review of an application for a CON upon the "date of mailing of notice of completeness," we find that there exists an impermissible conflict between this section and the clear mandate of R.C. 3702.53. It appears uncontraverted that appellant's application, as filed on September 29, 1988, met all the requirements of R.C. 3702.53(A)(2) and 3702.52(B). This court's reading of R.C. 3702.53 mandates that the time period for review of a CON application begins to run when, in fact, the requirements of completeness are met and not when ODH determines at some future time that the application is complete.[1]

---

1. We note that R.C. 3702.53(A) has been amended and now provides, in pertinent part:
   " * * * In administering the certificate of need program, the director shall:
   " * * *
   "(3) Grant or deny certificates of need within ninety days after an application meets the requirements of division (A)(2) of this section and the criteria for a complete application specified in rules adopted under division (B) of section 3702.52 of the Revised Code,

■ While we recognize that pursuant to R.C. 3702.52(B) the Public Health Council is granted authority to adopt rules for reviewing a CON application for completeness, those administrative rules may not conflict with the statutory requirements enacted by the General Assembly. As noted by the Supreme Court of Ohio in *Central Ohio Joint Vocational School Dist. Bd. of Edn. v. Ohio Bur. of Emp. Serv.* (1986), 21 Ohio St.3d 5, 10, 21 OBR 269, 273, 487 N.E.2d 288, 292:

" * * * It is well established * * * that administrative rules, in general, may not add to or *subtract from,* as is the situation herein, the legislative enactment. * * * " (Emphasis *sic.*)

Thus, where an administrative rule conflicts with a legislative pronouncement, that rule is invalid. *Central Ohio Joint Vocational School Dist. Bd. of Edn., supra; Matz v. J.L. Curtis Cartage Co.* (1937), 132 Ohio St. 271, 8 O.O. 41, 7 N.E.2d 220; *Parsley v. Internatl. Harvester* (1984), 15 Ohio App.3d 38, 15 OBR 60, 472 N.E.2d 397; *Carroll v. Dept. of Adm. Services* (1983), 10 Ohio App.3d 108, 10 OBR 132, 460 N.E.2d 704.

■ If this court were to find Ohio Adm.Code 3701–12–09(C) valid, we would in essence be allowing ODH by administrative regulation to amend the statute, a result which is clearly impermissible. We believe at the time the legislature enacted R.C. 3702.53, it intended that the starting point for the review period begin upon receipt of a completed application, rather than some subsequent date upon which ODH determines that the application is complete. Starting the ninety-day period for review of a CON application upon receipt of the completed application fosters the goal inherent in the amended legislation of having prompt review of submitted CON applications. We note that even if a fifteen-day period were allowed to review an application for completeness, ODH failed to act until one hundred thirty-nine days had passed. As R.C. 3702.53 contemplates that a *maximum* of one hundred twenty days will pass from the time an application is submitted and the decision by ODH either granting or denying a CON, we find Ohio Adm.Code 3701–12–09(C), as interpreted, to be in conflict with R.C. 3702.53 and therefore invalid. As R.C. 3702.53(A)(3) applies, and ODH failed to act timely upon appellant's CON application, we find that the CON application was granted by operation of

---

including issuance of a notice of completeness, or, in the case of an application proposing addition of long-term care beds, within ninety days after such other time as is specified by rule. Except as otherwise provided in this division, the director or the applicant may extend this ninety-day time period once, for no longer than thirty days, by written notice before the end of the ninety-day period. * * * "

law.[2]  Nevertheless, for the reasons which follow, we must overrule appellant's first and second assignments of error.

Finally, appellant argues in its third assignment of error that the board did not have jurisdiction to subsequently review the automatic approval of appellant's CON since the granting of appellant's CON was effective December 28, 1988 and was not timely appealed to the board.  Since no timely appeals were filed regarding appellant's "deemed" CON, the board was without jurisdiction over the matter and appellant retains its CON approval.

R.C. 3702.58(A) provides:

"Any affected person shall be entitled to an adjudication hearing before the certificate of need review board on a decision of the director of health to grant, deny, or withdraw a certificate of need or a ruling by the director that a proposed project is or is not a reviewable activity.  * * * "

It is clear that strict compliance with the requirements for filing appeals is required in order for an appellate body to gain jurisdiction to review an alleged error.  As was stated by the Supreme Court of Ohio in paragraph seven of its syllabus in *State, ex rel. Curran, v. Brookes* (1943), 142 Ohio St. 107, 107, 26 O.O. 287, 287, 50 N.E.2d 995, 996:

"The filing of notice of appeal, in the court from which the appeal is taken, within the time prescribed by law, is the only jurisdictional step necessary to perfect an appeal and where such notice is not filed within such time the reviewing court is without jurisdiction to consider the appeal."

This rule has also been applied in administrative appeals as in *Painesville v. Lake Cty. Budget Comm.* (1978), 56 Ohio St.2d 282, 10 O.O.3d 411, 383 N.E.2d 896, in which the Supreme Court held at 285, 10 O.O.3d at 413, 383 N.E.2d at 898:

" * * * It is established law in Ohio that ' "where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred." ' *Queen City Valves, Inc., v. Peck* [ (1954), 161 Ohio St. 579, 53 O.O. 430, 120 N.E.2d 310] at page 581, 53 O.O. at 431, 120 N.E.2d at 312.  * * * "

---

2.  We note that as appellant was granted a CON by operation of law one hundred twenty days after the filing of its application on September 29, 1988, appellant could have sought the issuance of a writ of mandamus ordering the director of ODH to mail notice to all affected parties that appellant had been granted a CON pursuant to R.C. 3702.53.  This, in effect, would have then placed the burden of appealing the granting of a CON upon a party other than appellant.  However, since appellant appealed ODH's decision denying its CON, the board had the entire matter before it for its consideration.

As a notice of appeal is jurisdictional, there must be strict compliance with the statutory provisions conferring the enjoyment of such a right. *Hafner & Sons v. Lindley* (1979), 58 Ohio St.2d 130, 12 O.O.3d 127, 388 N.E.2d 1240; *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 53 O.O. 430, 120 N.E.2d 310; *American Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93.

■ In *In re Wendt–Bristol Diagnostics Co.* (June 13, 1989), Franklin App. No. 88AP–1049, unreported, 1989 WL 65422, this court recognized that where the running of an appeal time commences upon the mailing date of a decision by the director of ODH, the failure to mail such notice delays commencement of the appeal period. This court relied upon the Supreme Court's decision in *Sun Refining & Marketing Co. v. Brennan* (1987), 31 Ohio St.3d 306, 309, 31 OBR 584, 586, 511 N.E.2d 112, 115, in which the court held in its syllabus:

"The fifteen-day appeal period provided in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09."

We believe the foregoing is equally applicable in the present case. It appears that R.C. 3702.53(A)(3) was enacted to eliminate delays by the director of ODH in determining whether or not to grant a CON and thereby allow a quicker appeal to proceed to the board. We do not read R.C. 3702.53(A)(3) as a legislative determination that CONs which are granted by operation of law as being an exception to the notice provisions set forth in R.C. 3702.58(A). Such a reading would not further the foregoing goals but, instead, would adversely affect other interested parties who, through no fault of their own, would be denied a mailed notice of the granting of a CON and the opportunity to appeal such a decision had the director acted within the time limits prescribed. On this basis, we conclude that affected parties are entitled to mailed notice of the automatic granting of a CON and until such notice is mailed, the appeal period does not begin to run. Nevertheless, as appellant appealed the denial of its CON application to the board, which reviewed its hearing examiner's report and rejected it and then proceeded to review the record before it as to the merits of a CON, and as appellant does not appeal the denial of a CON on the merits, we find any error by the director of ODH in failing to mail notices to affected parties to be nonprejudicial to appellant or the other affected parties. Accordingly, appellant's third assignment of error is overruled. Based upon the foregoing, appellant's assignments of error are not well-taken and are overruled. The order of the board is hereby affirmed.

*Order affirmed.*

REILLY, P.J., and MARTIN, J., concur.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.