**In re WEDGEWOOD HEALTH CARE REALTY, L.L.C.,**

[Cite as *In re Wedgewood Health Care Realty, L.L.C.,*
176 Ohio App.3d 554, 2008-Ohio-2950.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–800.

Decided June 17, 2008.

Geoffrey E. Webster and J. Randall Richards, for appellant Wedgewood Health Care Realty, L.L.C.

Nancy H. Rogers, Attorney General, and Dominic J. Chieffo, Assistant Attorney General, for Ohio Department of Health.

Hunter, Carnahan, Shoub & Byard, Michael J. Hunter, and Cathrine J. Harshman, for SEIU/District 1199 and Tonya Sheets.

BRYANT, Judge.

{¶ 1} Appellant, Wedgewood Health Care Realty, L.L.C. ("Wedgewood"), appeals from the order of the director of the Ohio Department of Health ("ODH") denying Wedgewood's May 30, 2006 application for a certificate of need ("CON") seeking to relocate 50 long-term-care beds from Atwood Manor Care Center

("Atwood Manor") to Galion Nursing and Rehabilitation Center ("GNRC"). Wedgewood assigns a single error:

The adjudication order of the Ohio Department of Health is not supported by reliable, probative, and substantial evidence and is not in accordance with law.

Because reliable, probative, and substantial evidence supports the director's decision, and it is in accordance with law, we affirm.

## I. The First CON Application

{¶ 2} On January 19, 2005, Wedgewood filed an application for a CON to relocate 50 long-term care beds from Atwood Manor, which ceased operations on or about January 18, 2005, to GNRC, a new long-term care facility. Both facilities are located in Galion, Ohio, in Crawford County. The director of ODH denied the CON application, finding that it was not in accordance with the rules adopted under R.C. 3702.57 because Wedgewood had failed to provide sufficient information regarding its historical performance and that of related parties in providing cost-effective health care services, as required under Ohio Adm.Code 3701–12–20(J)(5). The director also denied the application because he found that Wedgewood had failed to address any approved CON applications filed by related parties, as required under Ohio Adm.Code 3701–12–20(R). Upon Wedgewood's appeal, this court affirmed the director's decision. See *In re Wedgewood Realty, L.L.C.*, Franklin App. No. 06AP–273, 2006-Ohio-6734, 2006 WL 3718343, appeal not allowed, 113 Ohio St.3d 1491, 2007-Ohio-1986, 865 N.E.2d 914.

## II. The Second CON Application

{¶ 3} While the foregoing appeal was pending before this court, Wedgewood filed a second application for a CON on May 30, 2006, again seeking ODH's approval to relocate the same 50 long-term care beds from Atwood to GNRC. The May 30, 2006 CON application and the ODH proceedings relating to that application are the subject of this appeal.

{¶ 4} After ODH declared the application complete, written comments and objections by or on behalf of Tonya Sheets and her union, SEIU/District 1199 (collectively, "the objectors"), were submitted to ODH opposing Wedgewood's proposal to relocate the 50 long-term care beds. "SEIU/District 1199" is the Services Employees International Union District 1199 ("SEIU"), a union composed primarily of health-care and social-services workers in both the public and private sectors; Sheets is a member and employee of the union. The written objections asserted that Wedgewood's proposal does not meet all of the criteria Ohio Adm.Code 3701–12–23.2 prescribes regarding the relocation of long-term-care beds because Atwood Manor is not an "existing health care facility" as defined in R.C. 3702.51. Consequently, the objectors argued, the May 30, 2006 application that Wedgewood filed must be denied as contrary to law.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

{¶ 5} In accordance with the objectors' request under R.C. 3702.52, the ODH director appointed a hearing examiner, who conducted a three-day adjudication hearing on Wedgewood's proposal to relocate the long-term-care beds. Following the hearing, the hearing examiner issued a report and recommendation in which he advised the ODH director to deny Wedgewood's CON application. The hearing examiner based the recommendation on his conclusion that "granting the certificate of need would not be in accordance with Ohio Revised Code sections 3702.51 to 3702.62 or rules adopted under Ohio Revised Code section 3702.57." More specifically, the hearing examiner found that "the nursing home beds proposed for transfer under the May 30, 2006 certificate of need application are not coming from an 'existing health care facility' as defined by Ohio Revised Code sections 3702.51(L)(1) and (2), [and therefore] the proposed transfer is not in accordance with Ohio Administrative Code rule 3701–12–232."

{¶ 6} Both sides filed timely objections to the report and recommendation. By order mailed on September 6, 2007, the ODH director accepted the hearing examiner's recommendation and denied Wedgewood's May 30, 2006 application for a CON.

▆▆▆▆▆ {¶ 7} Pursuant to R.C. 3702.60(A), Wedgewood now appeals the ODH director's decision. R.C. 3702.60(F)(3) provides that in an appeal to this court from a decision granting or denying a CON application, this court must "affirm the director's order if it finds, upon consideration of the entire record and any additional evidence admitted * * * that the order is supported by reliable, probative and substantial evidence and is in accordance with law. In the absence of such a finding, it shall reverse, vacate, or modify the order." Analysis of whether the evidence supports the director's decision is essentially a question of the absence or presence of the requisite quantum of evidence. *In re Application of Manor Care of Parma*, Franklin App. No. 05AP–398, 2005-Ohio-5703, 2005 WL 2787644, at ¶ 9. Although this court may engage in a limited weighing of the evidence, it may not substitute its judgment for that of ODH as to the credibility of witnesses or weight to be given the testimony. Id. Rather, this court must give due deference to the administrative resolution of evidentiary conflicts. *In re Christian Care Home of Cincinnati, Inc.* (1991), 74 Ohio App.3d 453, 457, 599 N.E.2d 342, citing *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 407 N.E.2d 1265.

### III. Assignment of Error

#### A. Objector Status

{¶ 8} Wedgewood first contends that neither Sheets nor SEIU had a right to object to the CON application at issue and to be made a party to the ODH proceedings.

{¶ 9} R.C. 3702.52(C)(1) provides, "If the project proposed in a certificate of need application meets all of the applicable certificate of need criteria for approval" under R.C. 3702.51 to 3702.62 and the rules adopted under those sections, "the director shall grant a certificate of need for the entire project that is the subject of the application immediately after * * * the following conditions are met: * * * (b) The director does not receive any written objections to the application from any affected person by the thirtieth day after the director mails the notice of completeness."

{¶ 10} The statute further provides, "If the director receives written objections to an application from any affected person by the thirtieth day after mailing the notice of completeness," an adjudication hearing shall be conducted concerning the application, and the affected persons that filed the objections are parties to the hearing. At the hearing, the affected persons bear the burden of proving by a preponderance of the evidence that "the project is not needed or that granting the certificate would not be in accordance with" R.C. 3702.51 to 3702.62 "or the rules adopted under those sections." R.C. 3702.52(C)(3).

{¶ 11} Wedgewood first argues Sheets was not properly an "objector" in this matter because, contrary to the findings of the ODH director, she was not an "affected person" under R.C. 3702.51(O)(3) or (6). An "affected person" is defined in R.C. 3702.51(O)(3) as "[a]ny person that resides or regularly uses health care facilities within the geographic area served or to be served by the health care services that would be provided under the certificate of need or reviewability ruling in question." In this case, the geographic area to be served by the relocation of the 50 long-term-care beds includes Galion, Ohio.

{¶ 12} Wedgewood claims that evidence outside the record in this case reveals that Sheets does not reside in the city of Galion or in Crawford County, where both Atwood Manor and GNRC are located. In hearing this appeal, however, this court considers "only the evidence contained in the record certified to it by the director." R.C. 3702.60(F)(2). The only evidence in the certified record concerning Sheets's residence is that she "is a current resident of Galion, Ohio, a former health care provider in the city of Galion, Ohio and a current employee of SEIU." Because the uncontroverted evidence establishes that Sheets resides within the geographic area to be served by the health care services that would be provided under the CON in question, the director's finding that Sheets is an "affected person" under R.C. 3702.51(O)(3) has the requisite evidentiary support and is not contrary to law.

{¶ 13} R.C. 3702.51(O)(6) also defines an "affected person" as "[a]ny other person who testified at a public hearing held under division (B) of section 3702.52 of the Revised Code or submitted written comments in the course of review of the certificate of need application in question." Wedgewood contends that Sheets is

not an "affected person" as defined in this provision because she neither testified at the hearing nor submitted written objections that she signed, drafted, or otherwise authorized.

{¶ 14} Preliminarily, we note that the requirements in R.C. 3702.51(O)(6) are disjunctive; the statutory provision defines an "affected person" as one who either "testified at a public hearing" held under R.C. 3702.52(B) *or* "submitted written comments in the course of review" of the CON application. Sheets attended, but did not testify at, the adjudicatory hearing in this case. Accordingly, the first condition is not satisfied. Record evidence, however, supports the director's finding that Sheets had "submitted written comments in the course of review" of the CON application in question, satisfying the alternative condition for an "affected person" under R.C. 3702.51(O)(6). Specifically, the face of the document entitled "Written Comments and Objections" filed in opposition to the CON application plainly states it was submitted by or on behalf of "Tonya Sheets, and [her] union, SEIU/District 1199." Although no signature appears on the document, no statutory or regulatory provision requires that anyone sign it.

{¶ 15} The document identifies Sheets and SEIU by stating, "SEIU/District 1199 is a 28,000–member health care and social services union," composed of "public employees, hospital workers, Head Start workers, MR/DD workers, and nursing home workers." According to the document, "SEIU has long taken a stand on long-term care systems design, quality of care, and budgeting matters" and at the time represented "workers at four of the 30 nursing home facilities owned by the applicant," as well as "two nursing home facilities in Crawford County: Rosewood Manor and Village Care Center, both of which are located in Galion." Id. Finally, the document stated, "I, Tonya Sheets, am a staff member at SEIU/District 1199. SEIU/District 1199 and I consequently have a direct interest in the future of these facilities." Id.

{¶ 16} At the adjudicatory hearing, Miranda Rose, a research analyst with SEIU, testified at length regarding the written comments and objections submitted in opposition to the May 30, 2006 CON application. According to Rose, she was the principal author of the objections contained in the document, but she coordinated them with Sheets, who reviewed the objections before the document was submitted to ODH. Rose stated, without objection, that her testimony was presented as a representative of SEIU. Rose's testimony supports a finding that Sheets approved the written comments and objections submitted on her own and SEIU's behalf.

{¶ 17} Wedgewood next argues that SEIU was not properly an "objector" in this matter because no testimonial or documentary evidence suggests its governing board officially authorized the written comments and objections to be filed on SEIU's behalf. The same evidence that supports the ODH director's

finding that Sheets was an "affected person" under R.C. 3702.51(O)(6) also support's his finding that SEIU was an "affected person," and therefore an "objector," under the statutory provision. Specifically, the face of the document entitled "Written Comments and Objections," together with Rose's testimony, upholds a finding that the objections to the CON application at issue were made by or on behalf of SEIU as well as Sheets.

{¶ 18} Other evidence further indicates that SEIU authorized the objections made on its behalf. After the written comments and objections were submitted to ODH, attorney Catherine Harshman filed her notice of appearance with ODH as legal representative for "Objectors Tonya Sheets and SEIU District 1199." At the adjudicatory hearing, Harshman advised the hearing examiner that she was authorized to defend for SEIU as its associate general counsel. In response to opposing counsel's argument that SEIU was not properly an objector because no evidence indicated that its governing board formally authorized the objections made on its behalf, Harshman advised the hearing examiner that SEIU's by-laws do not require its governing board to authorize all legal actions undertaken on its behalf.

{¶ 19} In finding SEIU an "objector" in this case, the director noted that "[i]n the absence of evidence to the contrary, [he was] not inclined to require certified copies of board minutes, resolutions, job descriptions, etc. in order to consider an objection or written comments filed by Tonya Sheets on behalf of SEIU to be valid, particularly when a licensed attorney representing SEIU presents herself as representing both Ms. Sheets and SEIU District 1199 in their objections to the Application."

{¶ 20} Upon considering all the evidence in the record and according due deference to the director, we conclude that his finding that SEIU was properly an "objector" in this matter is supported by the evidence and not contrary to law. Notwithstanding this conclusion, even were we to conclude that the director erred in finding that SEIU was properly an "objector" in this matter, any error is harmless because Sheets remains an "affected person" under R.C. 3702.51(O) and thus had a statutory right to object to the CON application pursuant to R.C. 3702.52(C)(3).

### B. Atwood Manor as an "Existing Health Care Facility"

{¶ 21} Wedgewood next contends that the ODH director erred in denying the application for relocation of the 50 long-term-care beds on the ground that Atwood Manor is not an "existing health care facility" under Ohio Adm.Code 3701–12–23.2. Pursuant to the rule, "the director shall not approve an application for a certificate of need to replace an existing long-term care facility or to relocate existing long-term care beds from one site to another unless * * * [t]he

facility being replaced or from which beds are being relocated is an existing health care facility * * * within the same county." See Ohio Adm.Code 3701–12–23.2(A) and (E).

{¶ 22} The date upon which the CON application in question was filed governs the statutes and regulations that apply to ODH's review of the CON application. Wedgewood filed the CON application at issue here on May 30, 2006. Eleven months before Wedgewood filed its application, Am.Sub.H.B. No. 66, effective June 30, 2005, amended R.C. 3702.51(L) to define an "existing health care facility" as either "(1) [a] health care facility that is licensed or otherwise authorized to operate in this state in accordance with applicable law, is staffed and equipped to provide health care services, and *is actively providing health services*"; or "(2) [a] health care facility that is licensed or has beds registered under section 3701.07 of the Revised Code as skilled nursing beds or long-term care beds *and has provided services for at least three hundred sixty-five consecutive days within the twenty-four months immediately preceding the date a certificate of need application is filed with the director of health.*" (Emphasis added.) Because the noted version of the statute was in effect when Wedgewood filed the CON application in question, it applies here.

{¶ 23} The statute's definition, however, differs from that in the ODH rules in effect when Wedgewood filed the CON application on May 30, 2006. Pursuant to the administrative rules then in effect, in order to be an "existing health care facility" from which beds were proposed to be relocated, the facility must have provided long-term care services at some point in the 12 months prior to the time the ODH director decided the CON application. See *In re Holzer Consol. Health Sys.*, Franklin App. No. 03AP–1020, 2004-Ohio-5533, 2004 WL 2341322, at ¶ 9 (referring to the rule's requirements as "the 12–month rule"). See former Ohio Adm.Code 3701–12–23.2(A) and (E) (providing 12–month look-back period from date ODH made decision on CON application).

■■ {¶ 24} Where an administrative rule conflicts with a legislative pronouncement, the administrative rule is invalid. *In re Good Samaritan Med. Ctr.* (1991), 61 Ohio App.3d 437, 444, 572 N.E.2d 849. Accordingly, to the extent that the definition of "existing health care facility" contained in the ODH rules on and after June 30, 2005, conflicts with R.C. 3702.51(L), as amended effective that date, the ODH rules are invalid and have no application to Wedgewood's CON application filed on May 30, 2006. The statute's definition of "existing health care facility" is controlling and applies in this case.

{¶ 25} Here, the parties do not dispute that Atwood Manor, from which Wedgewood proposed to relocate the 50 long-term care beds, ceased providing long-term care services on or about January 18, 2005, approximately 16 months before Wedgewood filed its CON application on May 30, 2006. Wedgewood

concedes that Atwood Manor is not an "existing health care facility" as defined in R.C. 3702.51(L)(1) because it was not "actively providing health services" when Wedgewood filed its CON application on May 30, 2006. The ODH director did not err in also finding that Atwood Manor is not an "existing health care facility" under R.C. 3702.51(L)(2) because the record indicates that Atwood Manor provided services only from May 30, 2004, through January 18, 2005, within the 24–month period immediately preceding May 30, 2006, the date Wedgewood filed its CON application with ODH. The number of consecutive days of service Atwood Manor provided during the relevant two-year look-back period was 234, far less than the 365 consecutive days of service the statute mandated in order for the facility to be deemed an "existing health care facility."

{¶ 26} Notwithstanding our conclusion that R.C. 3702.51(L) controls in this matter, even if the "12–month rule" contained in the former ODH rules were applied to the facts in this case, Atwood Manor still would not meet the definition of an "existing health care facility" because it did not actively provide long-term care services at any point within the 12–month period immediately preceding the date on which Wedgewood filed the subject application for CON. Simply put, the 12–month limitations period had lapsed by the time the CON application was filed in this case, and there was no time left in order to "toll" the limitation period. Accordingly, the "doctrine of equitable tolling," which this court recognized in *In re Holzer*, 2004-Ohio-5533, 2004 WL 2341322, is inapplicable. Cf. *In re Holzer* (determining that the doctrine of equitable tolling applied and tolled the 12–month limitations period when the application for the CON was filed approximately three months before the 12–month period would have expired and, but for the objection of an affected party, the director of ODH could have rendered a decision before the 12–month limitations period expired); *Summit Villa Care Ctr., Inc. v. Ohio Dept. of Health* (1992), 81 Ohio App.3d 761, 612 N.E.2d 377 (strictly applying the 12–month rule when the application for CON was filed two days before the 12–month limitations period lapsed, leaving little chance that the application could have been acted upon in time).

{¶ 27} Because Atwood Manor is not an "existing health care facility," the criteria prescribed in Ohio Adm.Code 3701–12–23.2(E) are not satisfied. Consequently, Wedgewood's May 30, 2006 application to relocate long-term-care beds from Atwood Manor to GNRC is not in accordance with law because it (1) does not meet "*all* of the criteria prescribed by" Ohio Adm.Code 3701–12–23.2, as mandated in subsection (A) of the rule, and (2) does not comply with sections 3702.51 to 3702.62 of the Revised Code and the rules adopted under R.C. 3702.57, as mandated in R.C. 3702.52. Accordingly, the ODH director was not empowered to grant the application and properly denied it.

{¶ 28} Having found the CON application contrary to law on the ground that subsection (E) of Ohio Adm.Code 3701–12–23.2 is not satisfied, we decline to address Wedgewood's additional contention that the ODH director erred in finding that Wedgewood failed to satisfy the rule because it had not "acquired or entered into a contract to acquire the beds being relocated." See Ohio Adm.Code 3701–12–23.2(B)(2).

## C. Approval by Operation of Law

{¶ 29} Lastly, Wedgewood argues that its May 30, 2006 application for CON is deemed approved by operation of law pursuant to R.C. 3702.52(C)(4).

{¶ 30} R.C. 3702.52(C)(4) requires that if an adjudication hearing is conducted on a CON application, the director of ODH must issue a decision granting or denying an application for a CON not later than 30 days after the ten-day period expires for parties to file objections to the hearing examiner's report and recommendation. See R.C. 119.09. If the director does not grant or deny the requested CON by the deadline specified in R.C. 3702.52(C)(4), "the certificate shall be considered to have been granted." R.C. 3702.52(C)(7).

{¶ 31} In this case, the hearing examiner issued his report and recommendation on May 2, 2007, regarding Wedgewood's May 30, 2006 CON application. Wedgewood claims that the application should be considered granted by operation of law because the director of ODH did not issue his decision in this matter until September 6, 2007, well beyond the deadline specified in R.C. 3702.52(C)(4).

{¶ 32} ODH responds that it could not determine the matter within 30 days because a temporary restraining order ("TRO"), entered on May 17, 2007, in the Crawford County Court of Common Pleas, enjoined ODH from issuing a final decision on Wedgewood's May 30, 2006 CON application. ODH contends that once the Crawford County Common Pleas Court released the director from the TRO on August 29, 2007, the director timely issued his decision in this matter just eight days later on September 6, 2007.

{¶ 33} Wedgewood replies that the TRO that the Common Pleas Court in Crawford County entered cannot affect Wedgewood's rights and ODH's obligations to comply with the law in this case because Wedgewood was not a party to those proceedings. As a result, Wedgewood argues, it cannot be bound by the Crawford County proceedings that were based upon Atwood Manor's action for declaratory and injunctive relief against Tonya Sheets, SEIU, and ODH. See *Atwood Manor, Inc. v. SEIU Dist. 1199* (May 17, 2007), Crawford C.P. No. 07CV0184 (the "Crawford County proceedings").

{¶ 34} In his September 6, 2007 adjudication order issued in this case, the ODH director specifically refers to the orders of the Crawford County

Common Pleas Court that are at issue here, but the orders were not made a part of the certified record that ODH submitted to this court. Nevertheless, the parties have submitted copies of the orders with their briefs on appeal, and they agree that the documents were entered in the Crawford County proceedings.

{¶ 35} On May 17, 2007, the Crawford County Common Pleas Court granted Atwood Manor's request to temporarily enjoin ODH "from acting upon the recommendation of hearing examiner Howard D. Silver in Ohio Department of Health File No. 8940–01–06, including entering a final order on the Certificate of Need application filed by Wedgewood Health Care Realty, LLC on May 30, 2006." The TRO was extended by a June 11, 2007 entry stating that "[t]his order stays the automatic approval provisions of R.C. 3702.52(C)(4) and any other action by the Ohio Department of Health regarding the certificate of need application of Wedgewood Health Care Realty, LLC, pending before the Director of the Ohio Department of Health." On August 29, 2007, the Crawford County Common Pleas Court filed a judgment entry stating that "[p]ursuant to Civil Rule 41A, the Plaintiff [Atwood Manor] hereby dismisses the action and the parties hereby agree that the Director of the State Department of Health is hereby released from any restraining order that may be in effect."

{¶ 36} Given the ODH director's express consideration of the foregoing orders and the parties' submission of copies of the orders to this court and their agreement that we should consider the documents in deciding this appeal, we may take judicial notice of the orders specified. See *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, at ¶ 20.

{¶ 37} The restraining and injunctive orders were "binding upon the parties to the action, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the order whether by personal service or otherwise." Civ.R. 65(D). Although Wedgewood was never made a party to the action Atwood Manor brought in Crawford County, Wedgewood's attorney, Geoffrey Webster, represented Atwood Manor throughout the Crawford County proceedings, and he "approved" the court's August 29, 2007 judgment entry as "Counsel for Atwood Manor, Inc. and Wedgewood Health Care Realty, LLC." Given that Atwood Manor was the facility from which Wedgewood proposed to relocate the long-term-care beds in this case, as well as the fact that the same counsel represented Wedgewood in the ODH proceedings and Atwood Manor in the Crawford County proceedings, Wedgewood is hard-pressed to deny having adequate notice of the Crawford County Common Pleas Court orders restraining the ODH director from entering a final decision in the instant case.

{¶ 38} The ODH director issued his adjudication order in this case on September 6, 2007, eight days after he was released from the TRO entered in Crawford

County that restrained him from entering a final decision on Wedgewood's May 30, 2006 CON application. The director's decision denying Wedgewood's application for CON was timely under the circumstances, and the CON application is not deemed granted by operation of law pursuant to R.C. 3702.52(C).

{¶ 39} Because none of Wedgewood's arguments has merit, its sole assignment of error is overruled. Reliable, probative, and substantial evidence supports the decision of the director of ODH, and his decision is in accordance with law.

### D. Pending Motions

{¶ 40} Although we overruled Wedgewood's assigned error regarding the ODH director's decision, three motions remain pending.

{¶ 41} Appellee ODH filed a motion to strike various documents included in the appendix Wedgewood submitted with its brief on appeal to this court. Because the documents that are the subject of the motion are irrelevant to the legal issues in this appeal, we sustain the motion to strike.

{¶ 42} Wedgewood filed a motion for this court to enter an order pursuant to R.C. 119.02, granting its May 30, 2006 application for a CON because the director of ODH failed to prepare and certify to this court the complete record of the proceedings in this case. We overrule Wedgewood's motion because this appeal is brought under R.C. Chapter 3702 and is governed by R.C. 3702.60, not R.C. 119.02.

{¶ 43} Appellees ODH, Sheets, and SEIU filed a joint motion requesting this court to order the director of ODH to certify and transmit a supplemental record to this court pursuant to App.R. 9(E) of the following documents: (1) Joint Exhibit One that the parties presented at the adjudication hearing; (2) the September 6, 2007 adjudication order that the ODH director entered in this case; and (3) the May 17, 2007 TRO, the June 11, 2007 order extending the TRO, and the August 29, 2007 judgment entry releasing the TRO, all entered in the Crawford County proceedings. Because the documents contained in Joint Exhibit One are unnecessary to our resolution of the legal issues decided in this appeal and we may take judicial notice of the remaining documents that are the subject of appellees' joint motion to supplement the record, the motion is overruled.

Judgment affirmed.

KLATT and TYACK, JJ., concur.